Balam O. Letona, Esq. (Cal. Bar No. 229642)
Law Office of Balam O. Letona, Inc.
55 River Street, Ste. 220
Santa Cruz, CA 95060
Telephone: (831) 421-0200
Facsimile:  (831) 421-0400
letonalaw@gmail.com

Ronald Wilcox, Esq. (Cal. Bar. No. 176601)
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
ronaldwilcox@gmail.com

Attorneys for Plaintiff:
Scott F. Savage

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT F. SAVAGE, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | JURY TRIAL DEMANDED |
| CITIBANK, N.A., DEPARTMENT STORES NATIONAL BANK, FDS BANK, and DOES 1-10 | |
| Defendants. | |

## I. INTRODUCTION

1. Scott F. Savage is a Vietnam War veteran and a senior citizen. He lives in Santa Cruz, CA and in November 2012 he became unemployed. In July 2013 he could no longer pay on a Macy's store credit card issued by Department Store National Bank ("DSNB")(Macy's is otherwise known as DSNB). DSNB is a subsidiary of Citibank, N.A.

2. In July 2013 he informed DSNB and its agents Citibank N.A., and FDS Bank (collectively "defendants") that he could no longer pay, asked that it no longer call him and informed them he is a senior citizen. However, DSNB and its agents began to call him

repeatedly.

3. At one point, defendants called Mr. Savage at least 100 times in 23 days, all after he requested defendant cease calling.

4. Defendants called his cell phone repeatedly and caused it to ring continuously. At times defendants hung up without even leaving a message. This occurred at least 100 times.

5. Mr. Savage sent a second letter asking that the telephone calls stop, but the calls continued. DSNB collected through its agents FDS Bank and Citibank, N.A.

6. As a result of defendant's unlawful acts and omissions Mr. Savage's privacy has been invaded, he has suffered emotional distress, including panic attacks, nervousness, anger, annoyance, frustration, anxiety, irritation and bouts of acid reflux, among other negative emotions and damages.

7. It is the pattern and practice, and business plan of the defendants, to place repeated and continuous telephone calls to consumers in an abusive and intrusive manner, contact consumers at inconvenient times, and fail to cease and desist. *Trejo v. Macy's, Inc., Department Stores National Bank, FDS Bank*, CV 13-02064 (N.D. Cal. May 6, 2013); *Zehnder v. FDS Bank, et al,* 2010 U.S. Dist. LEXIS 99377 (M.D. Pa. March 18, 2010) (failing to cease and desist, attempting to collect a debt that was discharged, etc.).

8. In enacting the federal Fair Debt Collections Practices Act, Congress found that the type of behavior taken by defendant against Mr. Savage causes damage to individuals, families and the public. The United States Congress found:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commence.

    e. It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692a.

## II. FACTS

9. To supplement his social security retirement benefits Mr. Savage has worked as much as possible. In November 2012 he became unemployed, but he continued to pay his Macy's credit card issued by DSNB. Despite living frugally the job loss made it difficult to continue paying his credit card. In July 2013 he stopped paying the DSNB credit card.

10. Mr. Savage worried that since he had stopped paying his credit card that the telephone calls and messages from DSNB would max out the 450 minutes on his cell phone calling plan.

11. To stop all contact, on July 10, 2013, Mr. Savage sent DSNB letter requesting that it not telephone him anymore. He also informed DSNB that he is a senior citizen and receives social security benefits. On information and belief, DSNB received the letter on July 15, 2013.

12. However, DSNB and its agents FDS and Citibank, N.A., began to call Mr. Savage's cell phone repeatedly. When defendants started calling him it called him nearly everyday sometimes three (3) to six (6) times a day.

13. Prior to receiving defendants telephone calls, Mr. Savage had revoked all consent to call him.

14. On September 3, 2013, Mr. Savage sent DSNB a second letter. He informed defendant that he is unable and would not pay the debt it sought to collect, informed DSNB not to telephone him and told DSNB that he is a senior citizen, and receives social security benefits.

15. Despite receiving the second letter the defendants kept telephoning Mr. Savage's cell

phone from three (3) to six (6) times a day in September 2013.

16. Additionally, in August 2013 – January 2014, defendants mailed letters to Mr. Savage wherein it to sought to collect on the delinquent DSNB account.

17. On information and belief, defendants used an automated telephone dialing system to telephone Ms. Savage's cellular telephone throughout July 2013 and to the present. At all times relevant to this complaint, defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f)(1).

18. The DSNB consumer credit card mentioned herein was issued to Mr. Savage wherein he incurred a "debt" allegedly owed to DSNB. It is a "debt" as that term is defined by Cal. Civil Code § 1788.2(d). The "debt" he incurred on the consumer credit card was incurred for personal, family or household purposes and acquired on credit. The "debt" was incurred through "consumer credit transactions" as that term is defined by Cal. Civil Code §1788.2(e). Mr. Savage is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

19. The defendants day to day activities include attempting to collect debts from consumers via use of the phone and mail.

20. On at least two occasions Mr. Savage told defendants to stop calling. He told defendants he had sent letters asking they not telephone but the defendants kept calling.

21. Defendants engaged in unfair and unconscionable conduct in an attempt to collect a debt and engaged in conduct the natural consequence was to oppress, abuse and harass Mr. Savage.

22. Defendants calls and contact with Mr. Savage were inconvenient and were with such frequency as to be unreasonable and constitute harassment under the circumstances.

23. Defendants used false representations or deceptive means to collect or attempt to collect a debt, including taking action it could not legally take.

24. Defendants knew or should have known that its collection conduct was directed to a senior citizen.

25. As a result of defendants unlawful acts and omissions Mr. Savage's privacy has been

1  invaded, he has suffered emotion distress, including panic attacks, nervousness, anger, frustration,
2  anxiety, irritation and bouts of acid reflux, irritation, among other negative emotions and
3  damages.

### III. JURISDICTION AND PARTIES

5  26. Jurisdiction of this Court arises under 28 U.S.C. §1331, 28 U.S.C. §1337, 47 U.S.C.
6  §227, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7  27. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a
8  substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

9  28. Scott F. Savage ("Mr. Savage or Plaintiff") is a senior citizen over the age of 18 and
10 is a resident of Santa Cruz County.

11 29. On information and belief, the department store Macy's, Inc. is a foreign business
12 corporation doing business in California, which issues lines of credit through its financing arm
13 Department Stores National Bank (hereinafter "DSNB"), which are then collected by its agents
14 FDS Bank and Citibank, N.A. DSNB is a subsidiary of Citibank, N.A.

15 30. DSNB, in the ordinary course of business, regularly attempts to collect debts
16 allegedly incurred on its own behalf, or through its subsidiaries and agents. Defendant, DSNB is a
17 "debt collector" as that term is defined by California Civil Code § 1788.2(c).

18 31. FDS Bank provides credit processing and collections for credit card accounts that are
19 owned by DSNB and regularly attempts to collect debt owed to another. Defendant, FDS Bank is
20 a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

21 32. Defendant Citibank, N.A., is a national bank with its headquarters in Sioux Falls,
22 South Dakota and a wholly owned subsidiary of Citigroup, Inc. A significant portion, if not a
23 majority, of Citibank's business operations are dedicated to servicing consumer credit card debt.
24 In this case it was servicing the collection of the DSNB debt. Citibank in the ordinary course of
25 business, regularly attempts to collect debts and is a "debt collector" as that term is defined by
26 Cal. Civ. Code § 1788.2(c).

27 33. The defendants were attempting to collect consumer debts as that term is defined by

1  California Civil Code §1788.2.(f).

2  34. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

35. At all relevant times, the conduct of each defendant named above, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and in grossly negligent disregard for federal and state laws and the rights of Mr. Savage.

36. At all times mentioned herein, each defendant and employee of defendant named above was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment and under direct supervision and control of each defendant. The defendants are jointly and severally liable to Plaintiff. Defendant approved, authorized and/or ratified the wrongful acts and omissions herein.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

38. The acts and practices taken by each defendant described herein is "debt collection" as defined by Civ. Code §1788.2(c).

39. Defendants violated Civ. Code §1788.17, which requires every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of 15 U.S.C. §1692b to §1692j of 15 U.S.C. §1692.

40. Defendants acts and omissions, and course of conduct as more fully described

above constitute numerous and multiple violations of the Civ. Code §1788 *et.seq.*, including but not limited to the violations of: 1788.11(d), 1788.11(e), amongst others.

41. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## TELEPHONE CONSUMER PROTECTION ACT

42. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

43. At all relevant times to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. §153(32).

44. At all times relevant times to this complaint, the defendants owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

45. The defendants at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C. § 153(43).

46. The defendants at all times relevant to the complaint herein engage in "interstate telecommunications" defined by the TCPA U.S.C. § 153(43).

47. At all relevant times to this complaint, the defendants used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

48. At all relevant times to this complaint, the defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f)(1).

49. Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

50. Defendants violations were willful and knowing.

51. As a result of these violations of the TCPA, defendants are liable to Plaintiff for

1  statutory damages, including treble damages.

2  52. Defendants engaged in willful and knowing violations of 47 U.S.C. § 227(b)(1)(A).

3  53. Defendants used an automated dialing system and pre-recorded messages to telephone
4  Plaintiff's cellular telephone without his consent.

5  54. Defendants acts were willful, intentional and knowing.

6  55. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to
7  punitive damages in an amount according to proof and a finder of fact at trial.

8  56. Plaintiff is entitled to recover actual damages, attorney fees, costs and punitive
9  damages.

### THIRD CLAIM FOR RELIEF
### INTRUSION UPON SECLUSION

57. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

58. Our legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the California's Fair Debt Collection Practices Act, when Congress stated, as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**. 15 U.S.C. § 1692(a) (emphasis added).

59. Additionally, the debt collection laws prohibit debt collectors from continuing to communicate with a consumer that has requested the contact cease.

60. According to findings by the FCC[1], the agency Congress vested with authority to issue regulations implementing the Telephone Consumer Protection Act, calls as described herein are prohibited because, as Congress found, automated or prerecorded telephone calls

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

61. Defendants acts described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon his right of seclusion.

62. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion and/or private affairs.

63. Defendants abusive and improper collection practices in the collection of the debt constituted an invasion of Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

64. Defendants intended to cause emotional distress, and/or engaged in reckless disregard of the probability of causing Plaintiff emotional distress.

65. As a proximate result of Defendants conduct, Plaintiff has suffered damages in an amount to be determined by proof and finder of fact at trial.

66. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damage in an amount according to proof and a finder of fact at trial.

## FOURTH CLAIM
## NEGLIENT TRAINING AND SUPERVISION

67. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

68. Defendants negligently trained and supervised their employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

69. As a direct and proximate result of Defendants unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

70. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, actual damages, statutory damages and punitive damages;
2. For statutory and actual damages pursuant to Civil Code §§ 1788.17 and 1788.30;
3. Treble damages pursuant to Civ. Code §3345;
4. Statutory and treble damages pursuant to the TCPA;
5. Punitive damages pursuant to Civil Code §3294;
6. Injunctive relief pursuant to 47 U.S.C. 227(b)(3)(A);
7. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action pursuant to the Civ. Code §1788 *et.seq*.
8. For prejudgment interest to the extent permitted by law; and
9. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated 8/11/2014

/s/ Balam O. Letona

Balam O. Letona, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff Scott F. Savage hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Balam O. Letona

Balam O. Letona, Esq.