Balam O. Letona, Esq. (Cal. Bar No. 229642)
Law Office of Balam O. Letona, Inc.
1509 Seabright Avenue
Santa Cruz, CA 95062
Telephone: (831) 421-0200
Facsimile:  (831) 421-0400
letonalaw@gmail.com

Ronald Wilcox, Esq. (Cal. Bar No. 176601)
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
ronaldwilcox@gmail.com

Attorneys for Plaintiff:
Scott F. Savage

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT F. SAVAGE,<br><br>           Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A., DEPARTMENT STORES NATIONAL BANK, FDS BANK, DOES 1-10, inclusive,<br><br>           Defendants. | Case No. 14-cv-03633 – BLF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Hearing Date:          September 3, 2015<br>Hearing Time:          9:00 a.m.<br>Hearing Judge:         Hon. Beth Labson Freeman<br>Hearing Courtroom:   3, 5th Floor<br>Hearing Location:      280 South First Street<br>                                  San Jose, California |

## I. INTRODUCTION

Defendants called Scott Savage, a senior citizen and Vietnam war veteran, at least one-hundred (100) times in twenty-three (23) days regarding his Macy's account, despite his repeated written requests that it cease calling. See complaint, Docket #1, ¶3. Every one of the calls were an attempt to collect on a Macy's account.

1   Id. at ¶9-18. After Savage paid off the Macy's account, he brought claims solely

2   regarding collection harassment.

3       In November 2012, Savage lost his job and in June 2013 he could no longer

4   pay on a Macy's Department Stores National Bank credit card. He worried about not

5   being able to pay his rent and buy food. So, he informed Macy's he couldn't pay and

6   told it not to telephone him. However, Macy's referred the debt to co-defendants

7   Citibank and FDS Bank for collection. Defendants began to telephone Plaintiff in an

8   attempt to collect on the Macy's debt. He sent Macy's two no contact letters. Macy's

9   ignored each letter. Macy's kept calling his cell phone using an automated dialer

10  without his consent. It caused his telephone to ring repeatedly. Among other things,

11  Macy's and its agents called at least one-hundred (100) times in twenty- three (23)

12  days regarding his Macy's account. Plaintiff alleges that defendant's conduct is part

13  of a business plan and practice of unlawful collection abuse. See *Trejo v. Department*

14  *Stores National Bank and FDS Bank,* Case# 13-2064 (N.D. Cal. 2013).

15          **II. JUNE 4, 2015 ANSWER AND PROCEDURAL HISTORY**

16      On June 4, 2015, defendants answered plaintiff's complaint and alleged thirty-

17  four (34) boiler plate affirmative defenses. See Docket #51. None of the defenses

18  provide *any* facts. This is emblematic of the tenor of defendants' litigation posture in

19  this case. In November 2014, defendants refused plaintiff's request to produce a

20  Macy's credit card agreement when they moved to compel arbitration[1]. They rejected

21  this Court's suggestion of a voluntary exchange of documents prior to mediation and

22  in their June 15, 2015, initial disclosures refused to identify the names, telephone

23  numbers and addresses of any witnesses or meaningfully identify any documents.

24  _____

25  [1] Ultimately, the Court presumed that the absence of the Macy's card agreement in the

26  moving papers meant the card agreement lacked an arbitration clause. See Docket

27  #49, page 3:20-21

28

Even so, the Court and plaintiff cannot meaningfully evaluate the merits of each affirmative defense or conduct a careful inquiry without at least some basic facts. This motion seeks to remedy that problem.

### III. LEGAL PRINCIPLES

➢ Courts in California have followed the majority of the courts and hold the U.S. Supreme Court's standards in *Twombly* and *Iqbal* apply to the pleading of affirmative defenses. *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); see also *Perez v. Gordon & Wong Law Group, P.C.,* 2012 WL 1029425, at *8 (N.D. Cal. 2012)("This standard serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims."). See also *Barnes v. AT&T Pension Benefit Plan,* 718 F. Supp. 2d 1167 (N.D. Cal. 2010); *Scott v. Federal Bond and Collection Service. Inc.,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

➢ "While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

➢ Specifically, when pleading a "bona fide error" under the Fair Debt Collection Practices Act (15 U.S.C. §1692k), "defendant must plead the circumstances of the mistake with detail, "this means the who, what, when, where, and how: the first paragraph of any newspaper story." *Lowe v. Diversified Consultants,* 2012 U.S. Dist. LEXIS 123650, 2-3 (N.D. Ill. 2012).

### IV. DISCUSSION

The majority of courts –including district courts in California – have concluded that the heightened pleading standards for claims of relief crafted by the Supreme Court in

*Twombly* and *Iqbal* apply just as strictly to affirmative defenses[2]. Under that standard, a defendant must plead facts sufficient to alert the plaintiff of the defense. Along with *Twombly* and *Iqbal* a defense may be stricken if it fails to give plaintiff "fair notice" of the defense. *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979).

Defendants affirmative defenses are deficient for two primary reasons. They either are insufficiently pled or are not affirmative defenses, but more of a denial of facts. Other courts handling FDCPA matters have struck the same defenses as alleged. Plaintiff will consider each defense and provide case citations of similar FDCPA cases where the same affirmative defenses were struck.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which damages can be awarded.

**ANALYSIS**

This is not an affirmative defense. "Failure to state a claim is not a proper defense but, rather, asserts a defect in [Plaintiff's] prima facie case." *Barnes,* 718 F. Supp. 2d at

---

[2] *Perez v. Gordon & Wong Law Group, P.C.* 2012 U.S. Dist. LEXIS 41080 at *20-21 (N.D. Cal. 2012); *See also*, *Dion,* 2012 U.S. Dist. LEXIS 5116 at *5-6; *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp. 2d 1167 (N.D. Cal. 2010)("While neither the Ninth Circuit nor any othe Circuit Courts of Appeals has ruled on the issue of whether *Twombly* and *Iqbal* apply to the pleading of affirmative defenses, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses."); *Vamsidhar Reddy Vurimindi v. Fuqua Sch. Of Bus.,* 2011 U.S. Dist. LEXIS 96496 at *6 (E.D. PA. 2011); *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 650 (D. Kan. 2009).

1174.

Also, defendant provides no factual support for this defense. As such, no "fair notice" has been provided. The following courts have rejected this defense. *Ansari v. Electornic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades,* 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Boldstar Tech., LLC v. Home Depot, Inc.,* 517 F.Supp. 2d 1283, 1291 (S.D. Fla. 2007).

**SECOND AFFIRMATIVE DEFENSE**

Defendants deny that they engaged in any wrongful or unlawful conduct and deny that Plaintiff is entitled to any legal, injunctive, and/or equitable relief from Defendant.

**ANALYSIS**

First, this is not an affirmative defense. This defense is better understood as a denial of Plaintiff's allegations. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovi v. S.Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002); *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because calls, if any, were made with consent.

**ANALYSIS**

Defendant provides not factual basis for this defense. It does not provide the what, when, where, how of whether Plaintiff consented to receiving calls on his cell phone from defendants. Defendants have not provided "fair notice."

**FOURTH AFFIRMATIVE DEFENSE**

Each Defendant alleges that if a violation is determined to have occurred, which they each deny, the violation was not intentional and resulted from a bona fide error.

**ANALYSIS**

Defendants provides no factual support for the *bona fide* error defense available

1  under the California Rosenthal Fair Debt Collection Practices Act. No "fair notice" has

2  been provided. The California FDCPA is patterned after the federal FDCPA. It has been

3  held that when pleading a "bona fide error" under the FDCPA, 15 U.S.C. §1692(k),

4  "defendant must plead the circumstances of the mistake with detail, "this means the who,

5  what, when, where and how: the first paragraph of any newspaper story." *Lowe v.*

6  *Diversified Consultants,* 2012 U.S. Dist. LEXIS 123650, 2-3 (N.D. Ill. 2012).

7       Defendants pleading provide no factual support a defense based on Cal. Civ. Code

8  §1788.30(e). Other courts have dismissed this defense because of the same defect found

9  here. *Gandeza v. Brachfeld,* 2013 U.S. Dist. LEXIS 91534 (N.D. Cal. 2013); *Perez v.*

10 *Gordon & Wong Law Group, P.C.,* 2012 WL 1029425, at *8 (N.D. Cal. 2012)*; Ansari v.*

11 *Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012);

12 *Bradshaw v. Hilco Receivables, LLC*., 775 F. Supp. 2D 532, (D.MD 2010); *Racick v.*

13 *Dominios Law Associates,* 270 F.R.D. 228 (W.D. NC 2010).

14 **FIFTH AFFIRMATIVE DEFENSE**

15      The alleged claims, and each of them, are uncertain, ambiguous and/or

16 unintelligible.

17 **ANALYSIS**

18      First, this is not an affirmative defense. Defendants point to no statute or common

19 law that recognizes a claim that is "uncertain, ambiguous and/or unintelligible" as an

20 affirmative defense.

21      Alternatively, defendants provide no factual basis for this defense that would

22 constitute "fair notice."

23 **SIXTH AFFIRMATIVE DEFENSE**

24      Plaintiff's claims are barred, in whole or in part, due to the doctrine of unclean

25 hands.

26 **ANALYSIS**

27      Defendants fails to identify any factual basis for asserting any of those defenses.

28

---

Each of these defenses have been dismissed with leave to amend because of this deficiency in other cases. *G & G Closed Circuit Events, LLC., v. Nguyen,* 2011 WL 6293922, at *2 (N.D. Cal 2011); *Perez v. Gordon & Wong Law Group, P.C.,* 2012 WL 1029425, at *8 (N.D. Cal. 2012); *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are bared, in whole or in part, due to the doctrine of mistake.

**ANALYSIS**

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes a "mistake" as an affirmative defense to the claims raised..

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to laches.

**ANALYSIS**

Defendants fails to identify any factual basis for asserting any of those defenses. Each of these defenses have been dismissed with leave to amend because of this deficiency in other cases. *G & G Closed Circuit Events, LLC., v. Nguyen,* 2011 WL 6293922, at *2 (N.D. Cal 2011); *Perez v. Gordon & Wong Law Group, P.C.,* 2012 WL 1029425, at *8 (N.D. Cal. 2012); *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the doctrine of waiver.

**ANALYSIS**

Defendants fail to identify any factual basis for asserting any of those defenses. Each of these defenses have been dismissed with leave to amend because of this deficiency in other cases. *G & G Closed Circuit Events, LLC., v. Nguyen,* 2011 WL

6293922, at *2 (N.D. Cal 2011); *Perez v. Gordon & Wong Law Group, P.C.,* 2012 WL 1029425, at *8 (N.D. Cal. 2012); *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the doctrine of estoppel.

**ANALYSIS**

Defendants fail to identify any factual basis for asserting any of those defenses. Each of these defenses have been dismissed with leave to amend because of this deficiency in other cases. *G & G Closed Circuit Events, LLC., v. Nguyen,* 2011 WL 6293922, at *2 (N.D. Cal 2011); *Perez v. Gordon & Wong Law Group, P.C.,* 2012 WL 1029425, at *8 (N.D. Cal. 2012); *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the doctrine of justification.

**ANALYSIS**

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes a "justification" as an affirmative defense to the claims raised.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the doctrine of ratification.

**ANALYSIS**

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes a "ratification" as an affirmative defense to the claims raised.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because calls, if any, were made for a valid purpose.

**ANALYSIS**

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes a "valid purpose" as an affirmative defense to the claims raised.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because steps, if any, taken by Defendants were reasonable.

**ANALYSIS**

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes "steps … taken … by Defendants were reasonable" as an affirmative defense to the claims raised.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

**FIFTEENTH AFFIRMATIVE DEFENSE**

No act or omission of Defendants was a substantial factor in brining about the damages alleged nor was any act or omission of Defendants a contributing cause thereof. Any alleged acts or omissions of Defendants were superseded by the acts or omissions of others, including Plaintiff or other third parties named or not named as in the Complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by Plaintiff.

**ANALYSIS**

First, this is not an affirmative defense in this case. Defendants point to no statute or

common law that recognizes "substantial factor" and/or "the acts or omissions of other" as an affirmative defense to the claims raised.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."  Also, Defendants have utterly failed to identify any third parties to support their alleged defense.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering statutory damages against Defendants in the absence of any showing that Defendants violated the Telephone Consumer Protection Act.

**ANALYSIS**

First, this is not an affirmative defense. This defense is better understood as a denial of Plaintiff's allegations. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovi v. S.Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002); *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).  Also, Plaintiff has stated claims under the Rosenthal Fair Debt Collection Practices Act, which provides for statutory damages. Civil Code §1788.30.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because reasonable practices and procedures have been established and implemented, with due care, to effectively prevent violations of the Telephone Consumer Protection Act or RFDCPA.

**ANALYSIS**

With respect to the TCPA claim and the defendants "reasonable practices and procedures," this is not an affirmative defense in a TCPA case. Defendants point to no statute or common law that recognizes this as an affirmative defense to the TCPA claim.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

With respect to the RFDCPA claim, "reasonable practices and procedures [that]

1   have been established and implemented" is an element of defendants *bona fide* error

2   defense. This is similar to defendants fourth affirmative defense. Plaintiff incorporates by

3   reference the same analysis to strike that affirmative defense. Essentially, defendants have

4   alleged no facts and provided no "fair notice."

5   **EIGHTEENTH AFFIRMATIVE DEFENSE**

6       Plaintiff has not suffered any actual or other damages as a result of any alleged

7   conduct of Defendants and/or any other person or entity.

8   **ANALYSIS**

9       First, this is not an affirmative defense. This defense is better understood as a denial

10  of Plaintiff's allegation that he suffered damages. "A defense which demonstrates that

11  plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovi v. S.Cal.*

12  *Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002); *Ansari v. Electronic Document*

13  *Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

14  **NINETEENTH AFFIRMATIVE DEFENSE**

15      Plaintiff's alleged damages, if any, were attributable, in whole or in part, to his own

16  conduct and/or the conduct of third parties, and not due to the actions or inactions of any

17  Defendant.

18  **ANALYSIS**

19      First, this is not an affirmative defense in this case. Defendants point to no statute or

20  common law that recognizes "conduct of third parties" as an affirmative defense to the

21  claims raised.

22      Alternatively, defendants provide no factual basis for this defense that would

23  constitute "fair notice."

24  **TWENTIETH AFFIRMATIVE DEFENSE**

25      The sole and/or partial proximate cause of Plaintiff's alleged damages were due to

26  the action or inactions of others, and that said fault and/or negligent and/or willful and/or

27  intentional acts comparatively reduces the percentage of liability, if an, of the Defendants.

28

1

## ANALYSIS

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes "action or inactions of others" and comparative fault as an affirmative defense to the claims raised. Also, Defendants have utterly failed to identify any third parties to support their alleged defense.

Second, Defendant provides not factual basis for this defense that would constitute "fair notice." *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *G & G Closed Circuit Events, LLC., v. Nguyen,* 2011 WL 6293922, at *2 (N.D. Cal 2011).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable and ordinary care, causation or prudence in order to avoid incurring the alleged damages; said carelessness and negligence on Plaintiff's own part proximately contributed to Plaintiff's alleged damages; and therefore Plaintiff's comparative negligence reduces any and all damages sustained by Plaintiff, in any.

## ANALYSIS

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes Plaintiff's "comparative negligence" as an affirmative defense to the claims raised.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by statues of limitation, including but not limited to, those set forth in the provisions of California Civil Code section 1788.30(f), California Code of Civil Procedure sections

## ANALYSIS

Defendants fail to identify any factual basis for asserting a statues of limitations

defense. This defense has been dismissed with leave to amend because of this deficiency in other cases. *G & G Closed Circuit Events, LLC., v. Nguyen,* 2011 WL 6293922, at *2 (N.D. Cal 2011); *Perez v. Gordon & Wong Law Group, P.C.,* 2012 WL 1029425, at *8 (N.D. Cal. 2012); *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The imposition of liability and/or statutory damages, including, but not limited to, under the Telephone Consumer Protection Act, 47 U.S.C. §227, et.seq., ("TCPA") as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

**ANALYSIS**

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes Due Process or violations of the U.S. Constitution as an affirmative defense to the TCPA claim.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, on the grounds that Defendants are entitled to an offset of any damages claimed by Plaintiff based on any amount owing on the Account at issue.

**ANALYSIS**

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes "offset" as an affirmative defense to the claims raised.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are is barred, in whole or in part, to the extent they are based on

1  the law other than the governing law contained in the parties' credit card agreement.

2  **ANALYSIS**

3      First, this is not an affirmative defense in this case. Defendants point to no statute or

4  common law that recognizes this as an affirmative defense to the claims raised.

5      Alternatively, defendants provide no factual basis for this defense that would

6  constitute "fair notice."

7  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

8      Plaintiff's requests for injunctive and/or equitable relief is barred because there

9  exists an adequate legal remedy.

10  **ANALYSIS**

11      First, this is not an affirmative defense in this case. Defendants point to no statute or

12  common law that recognizes this as an affirmative defense to the claims raised.

13      Alternatively, defendants provide no factual basis for this defense that would

14  constitute "fair notice."

15  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

16      Plaintiff has failed to mitigate his damages, if any.

17  **ANALYSIS**

18      Again, defendants provide not factual basis for this defense. Defendants have failed

19  to identity what damages could have been mitigated. *Gandeza v. Brachfeld,* 2013 U.S.

20  Dist. LEXIS 91534 (N.D. Cal. 2013); *G & G Closed Circuit Events, LLC., v. Nguyen,*

21  2011 WL 6293922, at *2 (N.D. Cal 2011); *Perez v. Gordon & Wong Law Group, P.C.,*

22  2012 WL 1029425, at *8 (N.D. Cal. 2012).  Also, there is no failure to mitigate damages

23  defense to a TCPA claim. *Powell v. West Asset Management, Inc.,* 773 F.Supp.2d 761

24  (N.D. IL 2011).

25  **TWENTY-EIGHT AFFIRMATIVE DEFENSE**

26      Plaintiff would be unjustly enriched by any recovery from Defendant.

27  **ANALYSIS**

28

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes "unjust enrichment" an affirmative defense to the claims raised.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join a necessary party.

**ANALYSIS**

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes "failure to join a necessary party" an affirmative defense to the claims raised. Also, Defendants have utterly failed to identify any necessary party that needs to be joined.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

**THIRTIETH AFFIRMATIVE DEFENSE**

Each Defendant alleges that Plaintiff's claims for damages are barred in whole or in part because, to the extent he claims to have suffered any symptoms of mental or emotional distress or injury, it was the result of pre-existing conditions or alternative concurrent causes, and not the result of any conduct of any Defendant.

**ANALYSIS**

First, this is not an affirmative defense in this case. Defendants point to no statute or common law that recognizes "pre-existing conditions or alternative concurrent causes" as an affirmative defense to the claims raised.

Alternatively, defendants provide no factual basis for this defense that would constitute "fair notice."

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims under the RFDCPA are barred pursuant to Cal. Civil Code,

1   Section 1788.30(d).

2   **ANALYSIS**

3   Defendants provide no factual basis for this defense that would constitute "fair

4   notice."

5   **THIRTY-SECOND AFFIRMATIVE DEFENSE**

6   Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to

7   plead his claims with requisite specificity.

8   **ANALYSIS**

9   First, this is not an affirmative defense. This defense is better understood as a denial

10  of Plaintiff's allegations. "A defense which demonstrates that plaintiff has not met its

11  burden of proof is not an affirmative defense." *Zivkovi v. S.Cal. Edison Co.,* 302 F.3d

12  1080, 1088 (9th Cir. 2002); *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S.

13  Dist. LEXIS 128622 (N.D. Cal. 2012).

14  **THIRTY-THIRD AFFIRMATIVE DEFENSE**

15  Defendants deny that they initiated telephone calls to Plaintiff's cellular telephone

16  number.

17  **ANALYSIS**

18  First, this is not an affirmative defense. This defense is better understood as a denial

19  of Plaintiff's allegations. "A defense which demonstrates that plaintiff has not met its

20  burden of proof is not an affirmative defense." *Zivkovi v. S.Cal. Edison Co.,* 302 F.3d

21  1080, 1088 (9th Cir. 2002); *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S.

22  Dist. LEXIS 128622 (N.D. Cal. 2012).

23  **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

24  Defendants have insufficient knowledge or information upon which to form a basis

25  as to whether it may have additional defenses available based upon legal theories that may

26  or will be divulged through discovery or further investigation.

27  **ANALYSIS**

28

1    First, this is not an affirmative defense in this case. Defendants point to no statute or
2 common law that recognizes "insufficient knowledge or information" to form additional
3 affirmative defenses as an affirmative defense to the claims alleged.
4    Alternatively, defendants provide no factual basis for this defense that would
5 constitute "fair notice."
6 Respectfully submitted,
7 Dated 6/25/2015
8                    /s/ Balam O. Letona
9                    _____
10                    Balam O. Letona, Esq.
                     Attorney for Plaintiff