UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT F SAVAGE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIBANK N.A., et al.,<br><br>    Defendants. | Case No. 14-cv-03633-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES WITH LEAVE TO AMEND**<br><br>[Re: ECF 65] |

This lawsuit involves claims under the federal Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, as well as various state law claims, in connection with calls made to collect on a debt owed on a Macy's store credit card. Plaintiff Scott Savage alleges that defendants Department Store National Bank ("DSNB"), FDS Bank ("FDS"), and Citibank N.A. ("Citi," collectively, with DSNB and FDS, "Defendants") repeatedly called him on his cellular phone to collect on the Macy's card debt despite two written requests that they stop. Before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses. Pl.'s Mot. 65. The Court finds this matter suitable for disposition without oral argument and accordingly vacates the September 3, 2015 hearing date on the motion. Civ. L.R. 7-1(b). For the reasons stated herein, Plaintiff's Motion to Strike is GRANTED IN PART and DENIED IN PART with leave to amend.

### I. BACKGROUND

The claims in this action involve debt collection activities concerning a Macy's store credit card issued to Plaintiff by defendant DSNB. Compl. ¶ 1, ECF 1. Plaintiff alleges that DSNB is a subsidiary of Citibank, N.A., and that "the department store Macy's, Inc. is a foreign business corporation doing business in California, which issues lines of credit through its financing arm [DSNB], which are then collected by its agents [FDS] and [Citibank]." *Id.* ¶ 29.

In July 2013, Plaintiff stopped paying the Macy's credit card account. *Id.* ¶ 9. On July 10, 2013, he sent a letter to DSNB indicating that he could no longer pay the account and "requesting that it not telephone him anymore." *Id.* ¶¶ 2, 11. DSNB and its agents, defendants FDS and Citi, did not cease their collection calls and continued to call him nearly every day, "sometimes three (3) to six (6) times a day." *Id.* ¶ 12. Plaintiff sent DSNB a second letter in September 3, 2013 requesting that it stop calling him. *Id.* ¶ 14. The calls continued unabated. *Id.* ¶ 15. Defendants also mailed letters to Plaintiff from August 2013 to January 2014 in an effort to collect on the "delinquent DSNB account." *Id.* ¶ 16. Plaintiff alleges that this course of conduct violated federal and state law and asserts claims under the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 *et seq.*, the federal TCPA, as well as state common law claims for inclusion upon seclusion, and negligent training and supervision.

Defendants' June 4, 2015 Answer contains thirty-four affirmative defenses, ECF 51, which Plaintiff now seeks to strike.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)) (internal quotation marks omitted). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

The decision to strike a portion of a party's pleading is within the sound discretion of the court. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). If a claim or defense is stricken, leave to amend should be freely given when doing so would not cause prejudice to the

opposing party. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (per curiam).

**III.   DISCUSSION**

Plaintiff challenges all thirty-four of Defendants' affirmative defenses on two grounds: "[t]hey either are insufficiently pled or are not affirmative defenses, but more of a denial of facts." Pl.'s Mot. 4. An affirmative defense is insufficiently pleaded if it fails to give the plaintiff "fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*, 607 F.2d at 827). Although the parties devote relatively considerable briefing to whether the Court should apply the pleading framework established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to the affirmative defenses at hand, the requirement of factual pleading is not a new phenomenon. *See* Fed. R. Civ. P. 8(b)(1)(A); *Twombly*, 550 U.S. at 555-56 (reciting general standards applicable to Rules 8(a) and 12(b)(6)). Because the gravamen of Plaintiff's motion is that Defendants have alleged *no* facts in support of their affirmative defenses, the Court considers only whether there are sufficient facts alleged in the Answer to give Plaintiff "fair notice" of the challenged defenses and will not wade into the debate over whether such defenses must also be "plausible."

### A.   Withdrawn Affirmative Defenses

In response to Plaintiff's motion, Defendants have withdrawn their second, fifth, sixteenth, eighteenth, thirty-second, thirty-third, and thirty-fourth affirmative defenses, and the Court appreciates this voluntary effort to streamline matters. Defs.' Opp. 3 n.1, ECF 67. As to these withdrawn affirmative defenses, Plaintiff's motion is DENIED as moot.

### B.   Defenses that Plaintiff Contends are Insufficiently Pled

Defendants' third affirmative defense asserts that they had Plaintiff's consent to call him. Plaintiff complains that the lack of factual specificity regarding his purported consent does not give him fair notice of the defense. Pl.'s Mot. 3. To the contrary, that Plaintiff consented to Defendants' calls is a factual pleading and the defense is easily understandable. Plaintiff's motion to strike this affirmative defense is therefore DENIED.

Defendants' fourth affirmative defense asserts "bona fide error," which Defendants contend (without identifying any actual provision) is an available statutory defense under the

3

1  TCPA or RFDCPA.  Defs.' Opp. 6.  Their seventh affirmative defense asserts "mistake," which
2  Defendants explain is a "standard" "factually intensive" defense.  *Id.*  Nevertheless, both defenses
3  constitute allegations of mistake, which must be stated "with particularity" under Federal Rule of
4  Civil Procedure 9(b).  *Accord Wiebe v. Zakheim & Lavrar, P.A.*, No. 6:12-CV-1200-ORL-18,
5  2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012); *Bradshaw v. Hilco Receivables, LLC*, 725 F.
6  Supp. 2d 532, 537 (D. Md. 2010); *Konewko v. Dickler, Kahn, Sloikowski & Savell, Ltd.*, No: 07 C
7  5338, 2008 WL 2061551, *1 (N.D. Ill. May 14, 2008).  As Defendants have failed to allege the
8  "the who, what, when, where, and how" of their mistake, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d
9  1097, 1106 (9th Cir. 2003), Plaintiff's motion to strike is GRANTED, with leave to amend, on
10 Defendants' fourth and seventh affirmative defenses.

    Defendants' sixth affirmative defense of unclean hands, eighth affirmative defense of
laches, ninth affirmative defense of waiver, tenth affirmative defense of estoppel, eleventh
affirmative defense of justification, and twelfth affirmative defense of ratification are all, in
Defendants' words, "factually intensive."  Defs.' Opp. 6.  Yet Defendants have alleged no facts.
Plaintiff furthermore contends that the defenses of "justification" and "ratification" are not
affirmative defenses.  Given the absence of factual pleading, the Court cannot tell.  Insofar as
Plaintiff has asserted tort claims against Defendants, "justification" and "ratification" may be
appropriate defenses to those claims.  Suffice it to say, Defendants will need to amend to
demonstrate the factual basis for each of these asserted defenses and may benefit from a more
judicious selection of affirmative defenses.  Plaintiff's motion to strike is GRANTED, with leave
to amend, as to Defendants' sixth, eighth, ninth, tenth, eleventh, and twelfth affirmative defenses.

    The thirteenth affirmative defense asserts that Defendants had a "valid purpose" for calling
him.  Plaintiff contends that "valid purpose" is not an affirmative defense and that it is likewise
insufficiently pled.  Pl.'s Mot. 9.  Defendants merely argue that the "valid purpose" defense is "set
forth in the state and/or federal statutes at issue here (i.e., the federal TCPA statute and the state
RFDCPA statute) or based on the rights set forth in the United States Constitution."  Defs.' Opp.
6.  "Valid purpose" is not a common defense and Defendants provide no specific statutory citation
so that the Court may determine whether such a defense is even applicable in this case.  In the

4

absence of any showing of a potentially valid defense by Defendants, Plaintiff's motion to strike the thirteenth affirmative defense is GRANTED with prejudice.

Defendants' twenty-second affirmative defense asserts that Plaintiff's claims are barred by applicable statutes of limitations including those set forth in California Civil Code § 1788.30(f). The statute of limitations defense may be understood with respect to facts pled in Plaintiff's complaint. To the extent the limitations defense rests on facts not in the complaint however, Defendants' pleadings fail to provide fair notice. Plaintiff's motion to strike the twenty-second affirmative defense is accordingly GRANTED with leave to amend, though the Court will not require amendment if Defendants intend to rely on the facts alleged in the complaint.

Defendants' twenty-fourth affirmative defense asserts that Plaintiff's claim for damages must be offset by any amount owing on the credit card account at issue. It is not clear whether the RFDCPA, the TCPA, or any of Plaintiff's tort claims permits such an offset.[1] In any case, because Defendants' allegations lack specificity regarding what amount (if any) is owed and should be offset, the Court GRANTS Plaintiff's motion to strike the twenty-fourth affirmative defense with leave to amend. *Accord Camacho v. Jefferson Capital Sys., LLC*, No. 14-CV-02728-BLF, 2014 WL 4954817, at *3 (N.D. Cal. Oct. 2, 2014).

Defendants' thirty-first affirmative defense asserts that Plaintiff's RFDCPA claim is barred by California Civil Code § 1788.30(d), which shields a debt collector from civil liability "if, within 15 days either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, the debt collector notifies the debtor of the violation, and makes whatever adjustments or corrections are necessary to cure the violation with respect to the debtor." Defendants allege no such curative letter and the defense is therefore factually and legally deficient. Plaintiff's motion to strike the thirty-first affirmative defense is GRANTED with leave to amend.

---

[1] In the context of the federal Fair Debt Collection Practices Act, courts have noted that "the availability of an offset defense in an FDCPA action is an unsettled legal question." *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *9 (N.D. Cal. Aug. 19, 2014).

### C. Defenses that Plaintiff Contends are Not Defenses

Defendants' first affirmative defense asserts: "The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which damages can be awarded." The twenty-ninth states simply: "Plaintiff has failed to join a necessary party." These so-called affirmative defenses are conclusory, to be sure, but Rule 12(h)(2)(A) specifically permits such challenges to be raised in a responsive pleading under Rule 7(a), of which an answer to a complaint is one. While the failure to state a claim or the failure to join an indispensable party may not technically be *affirmative* defenses, the Court perceives no good reason to strike these otherwise permissible (and self-explanatory) defenses on sematic grounds. *Accord Kuang Xuan Liu v. Win Woo Trading, LLC*, No. 14-CV-02639-KAW, 2014 WL 7140514, at *2 (N.D. Cal. Dec. 12, 2014). Plaintiff takes further issue with Defendants' failure to identify any purportedly necessary parties that he failed to join. S*ee* Pl.'s Mot. 15. The failure to join a party required by Rule 19(b) is an unwaivable defense that Defendants may raise at any time before the conclusion of trial. Fed. R. Civ. P. 12(h)(2). Striking the defense now for failing to identify specific necessary parties thus serves no practical purpose because Plaintiff cannot suffer prejudice from having to conduct discovery on a defense that is always available. *Cf.* Pl.'s Reply 3, ECF 68. Plaintiff's Motion to Strike is therefore DENIED with respect to Defendants' first and twenty-ninth affirmative defenses.

For similar reasons, the Court declines to strike Defendants' fourteenth, fifteenth, seventeenth, nineteenth, twentieth, twenty-first, twenty-fourth, twenty-seventh, twenty-eighth, thirtieth affirmative defenses. The fourteenth and seventeenth affirmative defenses are two different ways of saying Defendants acted reasonably.[2] The fifteenth, nineteenth, twentieth, and twenty-first affirmative defenses are different ways of saying Defendants did not cause or are not the sole cause of Plaintiff's damages. The twenty-seventh, twenty-eighth, and thirtieth affirmative defenses are different ways of saying Plaintiff's damages should be reduced. All of these defenses are redundant and not true affirmative defenses. However, such defenses should come as no

---

[2] The Court does not construe the seventeenth affirmative defense to invoke the "bona fide error" defense under the RFDCPA, though it uses language similar to that found in the statute.

1  surprise to Plaintiff as they are all different ways of saying he cannot prove his case. Whether that
2  is true shall be borne out in discovery and at trial, but there is no prejudice to Plaintiff from
3  maintaining such defenses in the pleadings.
4        The twenty-third defense that application of the TCPA violates due process, while far-
5  fetched, is self-explanatory and requires no factual pleading. The twenty-sixth defense that
6  Plaintiff has adequate remedies at law and no entitlement to injunctive relief is, again,
7  unnecessary, but also not prejudicial. The Court therefore DENIES Plaintiff's motion to strike all
8  of these affirmative defenses.
9        The Court, however, finds that Defendants' twenty-fifth affirmative defense that Plaintiff's
10 claims are "barred, in whole or in part, to the extent they are based on the law other than the
11 governing law contained in the parties' credit card agreement" is nonsensical. First, Plaintiff's
12 claims arise under federal and state statutes and the common law—he is not pursuing contract
13 claims. It is therefore unclear what application, if any, the law contained in the parties' credit card
14 agreement has to this dispute. Second, and more importantly, the Court has already remarked on
15 Defendants' inability to produce the credit card agreement that actually pertains to Plaintiff's
16 Macy's credit card. *See* Order Denying Mot. to Compel Arbitration at 3, ECF 49. Defendants
17 cannot advance an irrelevant defense based upon an unavailable agreement. Plaintiff's motion to
18 strike the twenty-fifth affirmative defense is therefore GRANTED with prejudice.
19       The Court notes that the Answer reads more like a law school competition to devise the
20 greatest number of affirmative defenses, without regard to fact or law, than a thoughtful and
21 considered response to a straightforward lawsuit. Although many plaintiffs choose to ignore as a
22 minor irritant such undisciplined responses to their complaints, Plaintiff here was well within his
23 rights to demand that Defendants supply content to the barrage of claims hurled against him before
24 he engages in costly discovery. The Court expects counsel to consider their Rule 11 obligations in
25 amending the Answer.

**IV.  ORDER**

27        For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike
28 Affirmative Defenses is GRANTED IN PART and DENIED IN PART as follows:

7

1. Defendants' second, fifth, sixteenth, eighteenth, thirty-second, thirty-third, and thirty-fourth affirmative defenses are WITHDRAWN at Defendants' request.

2. Defendants' fourth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, twenty-second, twenty-fourth, and thirty-first affirmative defenses are STRICKEN with leave to amend.

3. Defendants' thirteenth and twenty-fifth affirmative defenses are STRICKEN with prejudice.

Defendants shall file an amended answer that complies with this order by **no later than August 28, 2015.** No new affirmative defenses may be added without first obtaining leave of court.

**IT IS SO ORDERED.**

Dated: August 14, 2015

_____
BETH LABSON FREEMAN
United States District Judge